complaint to have been converted, but the plaintiff's act in severing the wood from the soil, and so destroying defendant's lien, was the act which created for defendant a cause of action, and it was the same act which gave plaintiff title freed from the lien. The Bank Case, 7 Abb. Prac. 372, was an action for conversion of bills of exchange indorsed by plaintiff. The counterclaim was the same bills of exchange against plaintiff as indorser. The subject there was the same. This case, I do not find, has been criticised or commended, and only once referred to (Sheehan v. Pierce, 70 Hun, 25, 23 N. Y. Supp. 1119). If the promissory note referred to in the complaint in this action were the subject of the action, then the cases of Thompson v. Kessel, 30 N. Y. 383, and Manufacturing Co. v. Hall, 61 N. Y. 226, might be regarded as sufficient authority to support the counterclaim. The case of Rothschild v. Whitman, 132 N. Y. 472, 30 N. E. 858, is illustrative of the distinction to be drawn between the foundation of a plaintiff's cause of action and the foundation of defendant's counterclaim, where all the facts which go to make a counterclaim may be used as a defense, but may not be pleaded as counterclaim. See, also, Distilling Co. v. O'Brien, 72 Hun, 462, 25 N. Y. Supp. 281. The effect of allowing the defendant's counterclaim in this action would be to destroy the effect of a tender of payment, which in law extinguishes the lien upon property pledged. If the defendant may reduce the amount of plaintiff's recovery by the amount of the note, he may use the lien as a shield to as good effect as though permitted to use it as a sword. I think the demurrer should be sustained.

(26 App. Div. 360.)

### WEED et al. v. DONAHUE.

(Supreme Court, Appellate Division, Second Department. February 11, 1898.)

EASEMENTS—ALLEYWAYS—CREATION—EXTENT—DEED.

An owner of two lots about 100 feet deep conveyed the one on the north to plaintiff, with a right in common with the adjoining owner or owners "at all times to the use of an alleyway 10 feet wide along the south of said premises." At that time the buildings on that and the adjacent lot ran back along the alley 22 feet, and were about 10 feet apart. Plaintiff erected a new building, 62 feet deep, and defendant, who had acquired the adjacent lot, erected a fence across the alley part way back, so that plaintiff could not drive to the rear of his building nor to the barn on the rear of his lot. Defendant claimed that the alley only extended to a point that would permit turning into the lot in the rear of the 22-foot building originally there. *Held*, that the grantor's intention was that such alley should run through the entire property.

Appeal from special term, Orange county.

Action by Nathaniel K. Weed and another against Michael Donahue. There was a judgment for plaintiffs, and defendant appealed. Affirmed.

The following is the opinion of the special term (HIRSCHBERG, J.):

"At a time when Mary McGraw was the owner of both the parcels of land now owned by the parties to this action, respectively, on the east side of Chambers street, in the city of Newburgh, she conveyed the premises now owned by the plaintiffs by a conveyance containing the following provision: 'Together with the right, at all times, to the use of an alleyway ten feet wide, along the

south side of said premises above described, in common with the owner or owners of the premises adjoining on the south, at all times, for ingress and egress to and from said lands above described. Any expense of keeping up said alleyway and the gate at the entrance thereof to be borne equally by all the parties using the same. And together with the right to use the drains running through the property adjoining on the south under said alleyway as they now are, with right to enter and repair the same at any time. Said rights to go with the land to the party of the second, his heirs and assigns.' The lands on the south above referred to, and then owned by Mary McGraw, have since been conveyed to the defendant, but it does not appear in what terms the plaintiffs' rights in such land are recognized and reserved. At the time of the conveyance of the plaintiffs' lands there were old frame buildings on the Chambers street front of both properties of a depth of twenty-two feet each, and there were barns or stables at the extreme rear. The depth of the lots was from one hundred to one hundred and two feet, the front of the plaintiffs' premises was twenty-five feet, and the front of the premises remaining to Mrs. McGraw, but now owned by the defendant, was fifty feet and one inch. The distance between the two houses was ten feet and eight inches, and a gate was maintained across this space four or five feet east of Chambers street against intrusion by strangers. A short distance from the rear of the plaintiffs' building there was a gate in the division fence, and woodsheds were along or near the dividing line a few feet further to the eastward. On the defendant's lot near the rear, and adjoining the dividing line, an open shed was erected subsequent to the plaintiffs' conveyance, but so constructed that horses and vehicles could be driven through. Some evidence tends to show that the owners and tenants of plaintiffs' property have driven upon that property from the defendant's, by way of the alley referred to, at other points than where the gate stood in the division fence. The old frame building referred to covered the entire front of the plaintiffs' lot. The plaintiffs have recently torn down the old frame building on their lot, and have erected a new one of brick, twenty-five feet front by sixty-two feet deep. The defendant has placed a closed gate or other obstruction across his property to the west of the easterly end of this new building, thus preventing the plaintiffs from reaching their lot at the rear of such building, and from access through the alleyway to a new stable they are about to construct there. This action is brought to compel the removal of the obstruction. The defendant contends that the alleyway referred to in the deed was only the space between the two buildings, and that the right to its use was limited to sufficient room for turning into plaintiffs' property after traversing the twenty-two feet between the buildings. I think such a construction would be narrower than the language used allows, and narrower than was contemplated by Mrs. McGraw and her grantee at the time the right in question was created.

"As the space between the two houses was about ten feet in width, it would have been easy to have conferred a right to use the alleyway 'formed by the two houses,' or 'the space between the two houses,' as a means of access to the lands conveyed, by words clearly limiting the exercise of the right to such space plainly and expressly. The reference would have been to an existing alleyway, visible and requiring no description or measurement. But the parties seemed to contemplate future sales of the land then retained by Mrs. McGraw, in parcels to different owners, and the creation for the use of each of them of an alleyway to be maintained in common. The right conveyed is expressly for 'all time.' It is the right to use 'an alleyway ten feet wide,' not the alleyway then existing. This alleyway is, or is to be, 'along the south side' of the premises conveyed, not along the eastwardly twenty-two feet of the south side. It is to furnish access to and egress from the 'lands' conveyed without restriction or limitation. The use is to be in common with the 'owner or owners' of the premises adjoining on the south, and the expense of keeping up said alleyway and the entrance gate is to be borne equally by all the parties using the same. These provisions seem to be more consonant with a scheme to preserve a ten-foot alleyway for the beneficial use of all future owners of the entire property than with a mere grant to the plaintiffs, while the dilapidated buildings stand, of the use of the open space between them, with a sharp turn at the end of the twenty-two feet. The latter construction would prohibit the plaintiffs from

extending the old building, or constructing a new one deeper, without relinquishing the right of way forever. Such a construction seems to me unreasonable, and not within the language employed, and in violation of the rule of construction by which the intention controls where the language is doubtful.

"Judgment should pass for the plaintiffs removing the obstructions, with costs."

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

R. C. Coleman, for appellant.

A. H. F. Seeger, for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion of the special term.

---

### PEARSALL v. WESTCOTT et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

1. BOUNDARIES—ESTABLISHMENT BY ACQUIESCENCE.

In an action by a lot owner, who claimed half of a wall between his lot and that of an adjoining lot, the evidence showed that the wall had been built by defendant's ancestor as a part of his residence, when there was no building on plaintiff's lot which extended to the line, and that the building was occupied for 24 years before plaintiff purchased his lot. *Held*, that the wall, as a boundary, had been established by acquiescence.

2. EASEMENT IN WALL—RIGHT OF POSSESSION.

Where a wall is built as part of a house, and used for over 20 years by the owner, the subsequent use of the wall by an adjoining lot owner will not deprive the original owner of the possession thereof, although such use may entitle the adjoining owner to an easement.

3. EVIDENCE OF TITLE.

Where a strip four inches wide between two adjoining lots is in dispute, the title of one claimant is not established by testimony of a surveyor that the claimant's opposite line "seemed to be correct," and that, measuring from that line, the width of the claimant's lot would include "about" the four inches in dispute.

4. EASEMENT—CONSTRUCTION.

Where a lot owner has used a wall built upon an adjoining lot along the boundary line for 20 years for the support of the timbers of his house, he has a right to an easement to the extent of the ancient user, and no more, and the owner has a right to use it in any way which will not conflict with that right.

Appeal from special term, Saratoga county.

Action by Samuel J. Pearsall against James H. Westcott and another. From a judgment for plaintiff, defendants appeal. Reversed.

The plaintiff, in his complaint, averred that he was the owner of part of lot No. 52 on a map of lands of Henry Walton, deceased, in Saratoga Springs, N. Y.; that the defendants owned the adjoining premises on the north; that he had been in possession of his said lot over 30 years, and the wall between his premises and that of the defendants had been on the same line for the whole of said period. Said wall is eight inches thick, and the north line of plaintiff's lot runs through its center, he owning the south half thereof. He also alleged that the defendants, in altering and repairing their building, had broken through said wall, and had laid timbers on the south four inches owned by plaintiff, without his consent, and built an additional story, with intent to insert more timbers in said wall, and to take possession of said south four inches thereof without his